IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division



JUDY NEELY,

  *Plaintiff*

v.

JOSE FLORES and
JOHN DOES 1-10

  *Defendants*

Civil Case No. <u>3:22cv130-GHD-RP</u>

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

  COMES NOW Plaintiff JUDY NEELY, by counsel, and moves this Honorable Court for Judgment against Defendants JOSE FLORES and JOHN DOES 1-10; and in support of her Complaint, states as follows, *to-wit*:

I.  <u>**PARTIES**</u>

  1.  Plaintiff Judy Neely is an adult resident citizen of the State of Wyoming. A former resident of Mississippi, Plaintiff changed her domicile to the State of Wyoming in December 2021, a few months after this cause of action had accrued.

  2.  Defendant Jose Flores ("Flores") is either (1) an adult resident citizen of the State of Mississippi, or he is (2) an adult citizen or subject of the nation of El Salvador who resides in the State of Mississippi. In either case, he is believed to be domiciled at either 123 Jordan Avenue, Nettleton, Mississippi, or 1097 CR 196, Blue Springs, Mississippi.

3.    John Doe Defendants 1-10 are those unknown persons, firms, corporations, or other entities who contributed in any way to the damages complained of herein.  These Defendants will be substituted when they are identified.

II.    **JURISDICTION AND VENUE**

4.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) (1) or (2) since there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.    Personal jurisdiction exists over Flores because he is domiciled in the State of Mississippi.  Alternatively, personal jurisdiction exists because all claims alleged in this Complaint arise from actions that occurred within the State of Mississippi, and – if Flores is not a bona-fide citizen of the State of Mississippi – the requirements of Miss. Code Ann. § 13-3-57 are met.  Furthermore, Flores may be found in the State of Mississippi.  Thus, Flores has sufficient minimum contacts with the State of Mississippi to justify this Court's jurisdiction over him.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this  judicial district.  Furthermore, Flores can be found within this judicial district.

III.    **FACTS**

7.    The parties first met in June 2021.  Though unmarried, they began a short-lived, consensual sexual relationship.  After a few dates, though, Plaintiff informed Flores that she no longer wanted to have sexual relations with him.

8. On July 4, 2021, the parties went on a date. They met to watch movies at a house near Sherman, Mississippi that Flores owned. (Said address is 1097 CR 196, Blue Springs, Mississippi.) Plaintiff had agreed to go on this date with Flores on the condition that he keep his hands to himself. Flores made this commitment to Plaintiff, but he broke his word.

9. While on this date, Flores started to touch Plaintiff's private areas. When Flores tried to touch her, Plaintiff pushed him back, said "No," and reminded him of his promise not to touch her. Flores continued to come back after Plaintiff. In response, Plaintiff stood up and told Flores that she was leaving. Flores pulled her back down and came at her again. Flores tried to take Plaintiff's clothes off, after which she put them back on. Eventually, Flores pinned down one of Plaintiff's arms, making her unable to move.

10. A child sexual assault survivor, herself, Plaintiff froze in terror after being pinned. The raw emotions of the abuse she had suffered as a young girl came flooding back into her mind. She felt utterly helpless; she could not fight anymore. Flores removed Plaintiff's clothes. He then performed three unique, non-consensual sexual acts on her. Although the graphic nature of these acts shall be presented at trial, sexual penetration did occur. Even as Plaintiff was saying, "No," to these non-consensual sexual acts, Flores continued to immobilize her arms, preventing her from leaving. Immediately after these sexual acts had ended, Plaintiff dressed and fled the premises, fearful that Flores would follow her.

11.     Plaintiff immediately travelled to the home of a trusted friend, to whom she generally described what had just transpired.  The friend observed Plaintiff's demeanor (*i.e.,* how Plaintiff appeared distressed about what had occurred).  Following the events of that traumatic night, Plaintiff shut down both physically and emotionally, sleeping approximately 20 hours the next day (July 5, 2021).

12.     On July 6, 2021, Plaintiff reported this incident to law enforcement officials in Pontotoc County.  Later that afternoon, Plaintiff learned that Flores's house in Sherman was in Union County, not Pontotoc County.  So, she reported the incident to the Union County Sheriff's Department the next morning.  She also turned over her clothes from the night of the incident to law enforcement.

13.     Plaintiff promptly obtained treatment from a licensed therapist.  According to the therapist, Plaintiff suffered severe depression and anxiety as a direct result of Flores's malicious actions.  Plaintiff did not feel safe anywhere in North Mississippi.  She did not want to leave her home.  She was always looking over her shoulder.  She started carrying a gun.  She started having recurring nightmares about the sexual assault.  On a professional level,  she could no longer bring herself to meet new or existing clients alone.  She felt that she needed to have a partner with her for her safety.  Her ability to interact with male coworkers was severely limited.

IV.     **CAUSES OF ACTION**

A.  *COMMON LAW ASSAULT AND BATTERY*

14.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the entirety of this Complaint as if fully set forth herein.

15. Non-consensual sexual contact is harmful and offensive. So is forcibly grabbing the arms of another person or holding that person down against her will.

16. Flores's actions, as described herein, intended to cause such a harmful or offensive contact with the Plaintiff. Moreover, Flores's actions intended to place Plaintiff in imminent apprehension of such contact.

17. This harmful or offensive contact with the Plaintiff did, in fact, occur. Thus, each time Flores held Plaintiff's arms, or pinned her, or performed a non-consensual sexual act on her, he committed common law assault and battery.

B. *COMMON LAW FALSE IMPRISONMENT*

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in the entirety of this Complaint as if fully set forth herein.

19. By grabbing the Plaintiff's arms and/or by pinning her down with the intention of sexually assaulting her, Flores detained the Plaintiff without legal cause. In view of his criminal intent, this detention was unlawful.

C. *COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

20. Plaintiff re-alleges and incorporates by reference the allegations set forth in the entirety of this Complaint as if fully set forth herein.

21. Flores acted willfully or wantonly towards Plaintiff by performing non-consensual sexual acts upon her, including sexual penetration (*see* ¶ 27, *infra*); by committing assault and battery; and by falsely imprisoning her.

22. Flores's acts are ones which evoke outrage or revulsion in civilized society. This is evidenced, in part, by the fact that sexual assault is a felony under

Mississippi law.  *Cf.*  Miss. Code Ann. §§  97-3-95 - 97-3-103.  Moreover, the torts of assault, battery, and false imprisonment defy the common law of this State.

23.     The acts were directed at or intended to cause harm to the Plaintiff.

24.     Plaintiff suffered severe emotional distress as a direct result of the acts of Flores.  In fact, Plaintiff needed professional counselling and/or mental health treatment as a direct and proximate result of these acts.

25.     Such resulting emotional distress was a foreseeable result of Flores's intentional acts.  Indeed, common sense and numerous psychological studies dictate that a sexual assault and a false imprisonment would likely cause severe emotional distress to the victim.

### D. *COMMON LAW NEGLIGENCE PER SE*

26.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the entirety of this Complaint as if fully set forth herein.

27.     Flores violated § 97-3-95 when he engaged in sexual penetration with the Plaintiff without her consent.  Said sexual penetration included one or more of the acts that are listed in the statutory definition of "sexual penetration" as codified by Miss. Code Ann. § 97-3-97 (*i.e.*, "'Sexual penetration' includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.").

28.     Section 97-3-95 is a general criminal statute that is designed to protect all persons within the geographic confines of the State of Mississippi.  Moreover, the

statutory defense for this crime applies only when the parties are married, *see* Miss. Code Ann. § 97-3-99 ("A person is not guilty of any offense under Sections 97-3-95 through 97-3-103 if the alleged victim is that person's legal spouse ...."). Therefore, being unmarried to Flores, Plaintiff is a member of the class of persons that this statute was designed to protect.

29.     Sexual assault is universally known to cause emotional damage. Thus, injuries sustained by Plaintiff are the type of damages the statute seeks to avoid.

30.     Plaintiff's damages as complained of herein were the direct and proximate result of Flores's violation of this statute.

V.     **DAMAGES**

31.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the entirety of this Complaint as if fully set forth herein.

32.     Plaintiff has suffered pecuniary damages as the direct and proximate result of Defendants' actions as complained of herein, including, but not limited to the costs of her past, present, and future medical and/or psychological treatment. These amounts will be adduced at trial.

33.     Plaintiff has also incurred non-pecuniary damages (*i.e.*, past, present, and future physical pain and suffering, as well as severe psychological and emotional damage) as a direct and proximate result of Defendants' actions as complained of herein. These damages exceed $75,001.00.

34.     Plaintiff also seeks punitive damages in an amount to be determined by this Court. Punitive damages are warranted due to the reprehensible nature of

Flores's conduct, his awareness of his wrongdoing, and because he acted with actual malice toward Plaintiff.

## VI. **<u>JURY TRIAL DEMANDED</u>**

35.     Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## VII. **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff JUDY NEELY seeks a judgment against Defendant JOSE FLORES as follows:

(a)     For compensatory damages in an amount greater than $75,001.00;

(b)     For punitive damages in an amount to be determined by this Court;

(c)     For pre- and post-judgment interest;

(d)     For costs and attorney fees; and

(e)     For such other relief as is just and equitable.

This, the 30th day of June 2022,

Respectfully Submitted,

/s/Matthew Wilson

MATTHEW D. WILSON
(MS Bar 102344)
P.O. Box 4814
Mississippi State, MS 39762-4814
(662) 312-5039
starkvillelawyer@gmail.com